1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7    IXL LEARNING, INC.,                          Case No. 3:20-cv-02940-JD

8                      Plaintiff,

9             v.                                   **ORDER RE MOTION TO DISMISS**

10   DOMINICK MARTIN,                              Re: Dkt. Nos. 10, 11

11                      Defendant.

12

13          Plaintiff IXL Learning (IXL), an online education company, filed a complaint under the

14   Declaratory Judgment Act, 28 U.S.C. § 2201, in response to a pre-suit demand letter from

15   defendant Dominick Martin.  The letter alleged that IXL's website was not accessible to the

16   visually impaired, in violation of the Americans with Disabilities Act (ADA) and the California

17   Unruh Civil Rights Act.  Dkt. No. 1.  IXL filed the complaint one day before Martin filed a

18   lawsuit in the California Superior Court in Los Angeles alleging a disability discrimination claim

19   solely under the Unruh Act.  Martin seeks to dismiss IXL's complaint on several grounds, and to

20   strike the complaint under Cal. Civ. Proc. Code § 425.16.  Dkt. Nos. 10, 11.  The Court declines to

21   take up the declaratory relief claim, and the case is dismissed in favor of resolution in the Superior

22   Court.  The motion to strike is terminated as moot.

23          The parties' familiarity with the record is presumed, and the salient facts are

24   straightforward.  On April 14, 2020, Martin's attorneys sent a demand letter alleging that IXL's

25   website was "not fully accessible to visually-impaired individuals," and that the lawyers had "been

26   retained to pursue claims against you under the Americans with Disabilities Act and the California

27   Unruh Act."  Dkt. No. 1-1.  On April 29, 2020, before Martin filed anything in court, IXL initiated

28   this case for a declaration that "IXL's website is not a place of public accommodation as defined

United States District Court
Northern District of California

United States District Court
Northern District of California

1   by Title III of the ADA or California's Unruh Civil Rights Act," and that Martin had no

2   cognizable disability claims against IXL.  Dkt. No. 1 ¶ 27-28.  One day later, on April 30, 2020,

3   Martin sued IXL in the Superior Court, and alleged one claim for disability discrimination under

4   the Unruh Act.  *See* Dkt. No. 10-10.

5           The first question raised here is whether the Court has subject matter jurisdiction over

6   IXL's complaint.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (federal courts "have an

7   independent obligation to determine whether subject-matter jurisdiction exists").  The

8   "Declaratory Judgment Act is procedural only," and cannot confer subject-matter jurisdiction

9   itself.  *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950).  The Act permits the

10  Court to "declare the rights and other legal relations of any interested party" in "a case of actual

11  controversy within its jurisdiction."  28 U.S.C. § 2201(a).  Consequently, "[a]ll that is necessary

12  for jurisdiction is that 'the facts alleged, under all the circumstances, show that there is a

13  substantial controversy, between parties having adverse legal interests, of sufficient immediacy

14  and reality to warrant the issuance of a declaratory judgment.'"  *FN Cellars, LLC v. Union Wine

15  Co.*, No. 15-cv-02301-JD, 2015 WL 5138173, at *2 (N.D. Cal. Sept. 1, 2015) (quoting

16  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).

17          These standards were met when IXL filed the complaint here.  IXL had in hand a demand

18  letter from Martin that expressly alleged a violation of the ADA and stated that "[w]e will shortly

19  file suit."  Dkt. No. 1-1.  That is enough to establish jurisdiction under the Declaratory Judgment

20  Act.

21          The fact that Martin subsequently filed a state court lawsuit under the Unruh Act only, and

22  not under the ADA, does not change this conclusion.  Martin was perfectly free to elect to sue

23  solely under state law.  *See Guillen v. SEIU United Serv. Workers W.*, No. 3:16-cv-04279-JD,

24  2017 WL 6372815, at *1 (N.D. Cal. Dec. 13, 2017) ("[P]laintiff is the master of his or her claim,

25  and in the usual case, 'he or she may avoid federal jurisdiction by exclusive reliance on state

26  law.'") (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  Martin's state court

27  lawsuit would almost certainly not have been removable to federal court for that reason.  It did not

28  allege a claim under federal law, and the citizenship of the parties does not appear to be diverse.  It

2

United States District Court
Northern District of California

is true that one portion of Martin's Unruh Act claim is based on a violation of the ADA, which can be grounds for damages under the Unruh Act, but Martin also alleges an Unruh Act claim that is completely independent of the ADA.  *See* Dkt. No. 10-10 at 9-10.  In addition, "[f]ederal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim."  *Wander v. Kaus*, 304 F.3d 856, 859 (9th Cir. 2002) (citing *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804 (1986)).  What counts here is that jurisdiction existed for a declaratory judgment claim at the time IXL filed its complaint.  Subsequent events did not divest the Court of jurisdiction.  *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004).

The second question is whether the Court should invest the judicial and party resources needed to resolve IXL's complaint.  The "Declaratory Judgment Act is 'deliberately cast in terms of permissive, rather than mandatory, authority.'"  *Gov't Emp. Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc) (internal citation omitted).  "The Court is not required to hear every declaratory judgment case.  It may decline to exercise jurisdiction over a declaratory judgment action even when the facts show a live controversy."  *FN Cellars*, 2015 WL 5138173 at *2.  This decision is entrusted to the Court's sound discretion.  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995).

When there is a parallel state court proceeding, as is the situation here, the Court's discretion is guided in part by "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court."  *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942)).  *Brillhart* advises consideration of three "touchstones" in this respect: "[t]he district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation."  *Dizol*, 133 F.3d at 1225.  These are not exclusive factors.  *Id.* n. 5.

All of the *Brillhart* touchstones weigh against IXL.  Martin's complaint raises a California Unruh Act claim that a California court is best suited to resolve.  The mention of the ADA as a possible element of part of the Unruh Act claim is no impediment to that, and in any event the

1    Superior Court has concurrent jurisdiction to hear ADA claims.  *See Carolyn v. Orange Park*

2    *Comm. Ass'n*, 177 Cal. App. 4th 1090, 1097 n.4 (2009).  IXL won the race to the courthouse by a

3    nose, but an early strike with a pre-emptive federal lawsuit is hardly a reason to displace the state

4    court proceedings.  *See R.R. Street & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 976 (9th Cir.

5    2011); *Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 804 (9th Cir. 2002).  And there is

6    no good reason for the parties to spend the resources litigating essentially the same dispute here

7    and in state court, or for the Court to exercise its discretion to take up such an unpromising

8    burden.  IXL will have a full day in the state court to raise all of its defenses to Martin's claims.  It

9    is not entitled to a duplicative effort here.

                                    **CONCLUSION**

11           The Court declines to hear the complaint, and the case is dismissed.  The motion to strike

12   is terminated as moot.

13           **IT IS SO ORDERED.**

14   Dated: November 3, 2020

16                                                      _____
                                                        JAMES DONATO
17                                                      United States District Judge

United States District Court
Northern District of California